UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOON CHOI,

        **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　Civ. Action No. 1:21-cv-182

CITIBANK, N.A.

SERVE:　Secretary of Commonwealth
　　　　　Service of Process Department
　　　　　P.O. Box 2452
　　　　　Richmond, Virginia 23218-2452

        **Defendant.**

## COMPLAINT

COMES NOW Plaintiff, MOON CHOI (hereafter "Plaintiff" or "Mr. Choi"), by counsel, for his Complaint against Defendant, CITBANK, N.A. ("Citibank"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.　This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 et seq.

2.　This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

3.　In this case, the Defendant, Citibank, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with consumer reporting agencies ("CRAs") Trans Union and Equifax, Defendant failed to correct Plaintiff's credit reports.   That violated 15 U.S.C. §1681s-2(b).

1

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6.  Plaintiff is a natural person residing in this District and Division and is also a consumer as defined by 15 U.S.C. § 1681a(c).

7.  Citibank is a foreign corporation in the business of servicing credit card accounts.

8.  Citibank is a furnisher governed by 15 U.S.C. § 1681s-2.

9.  Upon information and belief, third-party Trans Union is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f).

10. Upon information and belief, third-party Equifax is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f).

## FACTS

11. Plaintiff filed a Chapter 7 Bankruptcy Petition on November 13, 2009.

12. Plaintiff received a discharge on March 1, 2010.

13. Plaintiff's Citibank account ending in -1044 was one of the accounts included within the discharge.

14. At the end of 2018, Plaintiff sought to obtain a new mortgage.  He applied to a third-party lending, which then obtained a credit report provided by Trans Union.  Plaintiff learned that Citibank was still reporting this account, well past the 7 years after the account had first become delinquency, in default and included in bankruptcy.

15. In substantial part because of the inaccurate information in TransUnion's report, the Plaintiff's December 2018 mortgage loan application was denied.

16. Plaintiff then waited several more months assuming the bankruptcy reporting would shortly be removed, as he had filed in 2009. At the end of Summer 2019, Mr. Choi began again attempting to obtain a mortgage loan.

17. In or around September 2019, Plaintiff started a new loan application process with EverBank, which obtained his credit reports and learned that TransUnion was continuing to report the inaccurate information.

18. Plaintiff again made a dispute with TransUnion. Thereafter, Trans Union responded to Mr. Choi that it would refuse to correct or remove anything Citibank reported as he would first have to obtain the furnisher's correction before TransUnion would do anything.

19. Obeying TransUnion's demand, Plaintiff then again contacted Citibank, and talked to several representatives in several different departments. Finally, one of the representatives provided a fax number for Mr. Choi to use to send Citibank a copy of the inaccurate TransUnion credit report.

20. On November 19, 2019, Plaintiff faxed to Citibank his TransUnion credit report, previously obtained by EverBank.

21. On November 25, 2019, Citibank sent Mr. Choi a letter stating (untruthfully) that it had confirmed that all of the information in Plaintiff's credit report was correct.

22. Citibank further (untruthfully) advised Mr. Choi that if Plaintiff wanted to include his dispute within the Citibank account information in his credit report, he would have to contact the credit reporting agencies and have them do this. Citibank provided a contact telephone number for TransUnion.

23. On or about March 13, 2020, the Plaintiff sent a written dispute about the Citibank account to TransUnion and Experian.

24. TransUnion responded to Plaintiff's dispute letter on April 7, 2020 and advised that it had updated the "Pay Status" to reflect that the account had been included in bankruptcy.

25. Equifax responded to Plaintiff's dispute and advised that the account had been updated to show as included in bankruptcy.

26. On information and belief, Plaintiff alleges that Trans Union and Equifax forwarded all of Plaintiff's disputes to Citibank.

27. On information and belief, Plaintiff alleges that these responses from Trans Union and Equifax simply parroted what Citibank told each agency as its results of Defendant's investigations.

28. Defendant intentionally choose not to comply with the FCRA to lower its costs and avoid losing the balances on disputed accounts. Accordingly, Defendant's violations of the FCRA were willful. Defendant systemically refuses to note its accounts as still in dispute after it responds to a consumer's request for an investigation.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A) AND (B)**

29. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

30. On at least one occasion within the past two years, by example only and without limitation, Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

31. On one or more occasions within the past two years, by example only and without limitation, Citibank violated 15 U.S.C.§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

32. When the Plaintiff mailed his detailed, written disputes and enclosures to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Citibank. It is an automated system and the procedures used by the CRAs are systemic and uniform.

33. When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

34. The ACDV form is the method by which Citibank has elected to receive consumer disputes made to the CRAs pursuant to 15 U.S.C. § 1681i(a).

35. Based on the manner in which the CRAs responded to – or did not respond to - Plaintiff's disputes, representing that Citibank had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Trans Union and Equifax did in fact forward the Plaintiff's dispute via an ACDV to Citibank.

36. Citibank understood the nature of the Plaintiff's disputes when it received the ACDVs from Trans Union and Equifax.

37. Notwithstanding the above, Citibank follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Citibank does is review its own internal computer screen for the account and repeat back to the ACDV system the same information Citibank already had reported to the CRAs.

38. When Citibank receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

39. As a result of Citibank's violations of 15 U.S.C. §1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40. The violations by Citibank were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citibank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

41. The law in this District, the Fourth Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

42. Citibank was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

43. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Citibank intended its employees or agents to follow.

44. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(C) and (D)

45. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and previous Counts).

46. On one or more occasions within the past two years, by example only and without limitation, Citibank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Citibank inaccuracies within Plaintiff's credit files with Trans Union and Equifax without also including a notation that this debt was still disputed and had not been resolved, by falsely suggesting that the dispute had been resolved and by failing to correctly report results of an accurate investigation to each credit reporting agency.

47. Specifically, Citibank failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to Trans Union and Equifax.

48. On information and belief, Plaintiff alleges that Citibank rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

49. Citibank knew that the Plaintiff previously disputed the subject account on multiple occasions directly with Citibank and its agents.

50. The Plaintiff's disputes were, at a minimum, *bone fide*.

51. In fact, the Plaintiff's disputes were justified because the Citibank account had been discharged in Plaintiff's Chapter 7 Bankruptcy in March 2010.

52. Citibank was aware of the *Saunders v. B.B. & T.* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

53. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Citibank intended its employees or agents to follow.

54. On information and belief, the Plaintiff alleges that Citibank's employee or agent did not make a mistake (in the way in which he or she followed Citibank's procedures) when he or she received, processed and responded to the Trans Union and Equifax's ACDVs and did not include the XB code in the CCC field.

55. On information and belief, the Plaintiff alleges that Citibank has not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

56. As a result of Citibank's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57. The violation by Citibank was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citibank was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

                        Respectfully submitted,
                        **Moon Choi**

By:       /s/
                        Leonard A. Bennett, VSB #37523
                        Craig C. Marchiando, VSB #89736
                        CONSUMER LITIGATION ASSOCIATES, P.C.
                        763 J. Clyde Morris Blvd., Ste. 1-A
                        Newport News, Virginia 23601
                        (757) 930-3660 - Telephone
                        (757) 930-3662 - Facsimile
                        Email: lenbennett@clalegal.com
                        Email: craig@clalegal.com

                        Kristi Kelly, VSB #72791
                        KELLY GUZZO, PLC
                        3925 Chain Bridge Road, Ste. 202
                        Fairfax, Virginia 22030
                        (703) 424-7571 - Telephone
                        (703) 591-0167 - Facsimile
                        Email: kkelly@kellyguzzo.com

                        *Counsel for the Plaintiff*